110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathaniel WILSON, Defendant-Appellant.
 No. 96-1235.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 E.D.Mich., No. 90-80594; Barbara K. Hackett, Judge.
 E.D.Mich. [Appeal after remand from 992 F.2d 573].
 AFFIRMED.
 Before: KEITH, MERRITT, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to reconsider a criminal sentence imposed after remand from this court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Nathaniel Wilson was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and use of a firearm in a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The court sentenced Wilson to an aggregate 352 month term of confinement and Wilson took a direct appeal. The Sixth Circuit affirmed Wilson's conviction but remanded the cause for specific guideline sentencing findings. United States v. Medina, 992 F.2d 573 (6th Cir.1993), cert. denied, 510 U.S. 1109 (1994).
 
 
 3
 On remand, the court held a hearing at which time the parties agreed upon a guideline range of 235-239 months for the first two counts with the mandatory 60 month term for the third count to be imposed consecutively. The court subsequently sentenced Wilson to the least amount of time available under this agreement, 295 months, and Wilson, by agreement, did not take a direct appeal. Wilson instead moved for reconsideration of the court's decision with regard to one of the sentencing factors. The court denied this motion and the present appeal followed.
 
 
 4
 Wilson's original sentence was based in part on guideline enhancements for dealing over 500 kilograms of cocaine and for obstruction of justice under USSG § 3C1.1 for having committed perjury during the trial. The Sixth Circuit affirmed the remainder of Wilson's conviction but remanded for the trial court to make specific findings of fact regarding these two elements of the sentence. Medina, 992 F.2d at 590-91. On remand, the transcript reflects that the parties reached an agreement as to the disputed sentencing factors. Specifically, Wilson was to be sentenced on the basis of 50 kilograms of cocaine (not over 500) and on a finding that Wilson did in fact commit perjury in the course of his trial testimony. The parties also agreed upon a specific offense level and attendant guideline range. The attorney for the government also noted, without objection, that "[f]or his part, Mr. Wilson is agreeing that they'll [sic] be no further appeals in this matter." The evidence that the parties contemplated an end to this litigation extended to Wilson's finally agreeing to dissociate himself from a motion for a new trial filed by a co-defendant. The court adopted the stipulations, after noting the substantial benefit to Wilson, and sentenced him to a term of 295 months, the lowest sentence contemplated under the agreed range.
 
 
 5
 Wilson did not take a direct appeal but did file a motion for reconsideration. Wilson contended that the trial court was somehow in error in ignoring the Sixth Circuit's mandate to make specific findings of fact upon remand regardless of the deal worked out between him and the government. Wilson sought the benefit of the holding in United States v. Spears, 49 F.3d 1136, 1143 (6th Cir.1995), in challenging the agreed upon conclusion that he had committed perjury during his trial. The district court summarily denied the motion on the ground of Wilson's waiver of any further appeal of the sentence while reaffirming the court's basic belief that Wilson was eminently deserving of the perjury enhancement.
 
 
 6
 Wilson's appellate filings go to the merits of his motion. It is the government's contention, however, that a facially valid agreement not to challenge a guideline sentence will be enforced against a defendant in the Sixth Circuit. The government is correct. United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995); United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.), cert. denied, 116 S.Ct. 166 (1995). There are no circumstances present that would call into question Wilson's unequivocal sentencing deal negotiated through counsel that resulted in a greatly reduced sentence.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.